AT

# GENERAL TERM,

## June, 1876.

8 1'
134a 296

8 1
151a 44

FRANKLIN G. TAYLOR, Appellant, *v.* JONATHAN EARLE, Impleaded with THE BURLINGTON COTTON MILLS and others, Respondents.

*Corporation— Sale of the entire property of one corporation, for stock of another — Rights of stockholders —Acts of majority of, do not bind minority.*

A corporation, organized under the laws of the State of New York, has no power to transfer all its property and thus terminate its existence, and take in payment stock in a foreign corporation carrying on the same business.[*]

Under the laws of this State, the majority of the stockholders of a corporation cannot bind the non-consenting minority to a sale of its entire property, made for the purpose and merely as a form of turning a New York company into a Vermont one, so as to escape the scrutiny into its affairs permitted to a stockholder by the New York laws.

A stockholder, under the New York law, becomes such under the security thereof; and when this is taken from him has the right to have the property of his corporation applied to the payment of its debts, and the surplus, if any, divided among the stockholders.

APPEAL from a judgment of the Special Term dismissing plaintiff's complaint.

The plaintiff was a stockholder in the Burlington Cotton Mills, a manufacturing corporation organized under the general laws of this State about August 14, 1866, whose principal office and place of business was in the city of New York. The corporation about the

[*] To same effect, see *Frothingham* v. *Barney*, 6 Hun, 366.—[Rep.

time of its organization purchased real estate, mills thereon, machinery and water privileges at Burlington, in the State of Vermont. About January 9, 1875, at a meeting of the stockholders, it was resolved by the holders of a majority of the stock to sell the property of the corporation to the Burlington Cotton Mills Company, a corporation created by the laws of Vermont, and take in payment thereof 1,747 shares of the stock of the latter company, and the property of the former was thereafter conveyed to the latter corporation for and in consideration of such stock, and for no other consideration. At the time of the resolution and conveyance, the defendant Jonathan Earle was president, and the defendant George B. Earle treasurer of both corporations, and held a majority of the stock of the Burlington Cotton Mills. The plaintiff never consented nor assented to the resolution to sell, nor to the acts done under such resolution.

For a long time prior to January, 1875, no report had been made to the stockholders of the Burlington Cotton Mills, nor of its financial affairs. A demand was made upon the treasurer, George B. Earle, that he furnish such report. After such demand, and before January 9, 1875, the defendants Earle and others of the Vermont corporation were a majority of the directors of the New York company. This action was brought by the plaintiff as a stockholder of the Burlington Cotton Mills (the New York corporation), holding 100 out of 1,000 shares of its stock, to set aside the conveyance aforesaid as illegal and void, and for other relief; the Burlington Cotton Mills having refused to bring the action.

*E. Sprout*, for the appellant.

*Isaac L. Miller*, for the respondents.

BARNARD, P. J.:

I think the court erred in dismissing the plaintiff's complaint. He was a stockholder in the Burlington Cotton Mills, a New York corporation.

By a vote of a large majority of the stockholders (not including plaintiff), this corporation sold all its property, real and personal, except cash in hand, mills and franchises, to the Burlington Cotton Mill Company, a Vermont corporation, and took in payment 1,747 shares of this Vermont corporation.

The Burlington Cotton Mills, on plaintiff's request, refuse to bring this action, and it is well settled that in such a case a stockholder may assert his own rights, making the corporation a defendant.

I think it quite clear that plaintiff had a right to relief.

Either the transfer was void as *ultra vires*, or the property received in some way was liable to the debts of the Burlington Cotton Mills, and after their payment to distribution among those of the stockholders who did not wish to take a proportion of stock in the Vermont company.

The plaintiff cannot be forced to take the stock of the Burlington Cotton Mill Company without his own consent. The facts are all averred in his complaint, and he is entitled to any relief warranted by the facts, and not alone to that for which he has asked.

I am of opinion, however, that the whole scheme of the transfer and its execution was illegal.

There is no power given by the acts under which the Burlington Cotton Mills were incorporated to transfer all the property of a corporation, and then terminate its existence, and take in payment stock in a company carrying on the same business, with a different name, charter and stockholders, and being a foreign corporation.

The corporation, by the New York law, could increase or diminish its stock, or extend its business to other objects, but that falls far short, I think, of the sweeping power exercised on this occasion. The sale was not real. It was a mere form to turn a New York corporation into a Vermont one, and thus escape the scrutiny into the affairs of the company permitted by the New York law to the stockholders.

No majority can bind the non-consenting minority to this. He became a stockholder under the security of the New York law, and, when that is taken from him, at least he should have the property of his corporation applied to the payment of its debts, and the surplus, if any, divided among the stockholders.

I think the judgment should be reversed, and a new trial granted, costs to abide event.

GILBERT, J., concurred ; DYKMAN, J., not sitting.

Judgment reversed, and new trial granted, costs to abide event.